Berner Unemployment Compensation Case.

Argued November 14, 1967. Before ERVIN, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WRIGHT, J., absent).

*Catherine M. Berner,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *William C. Sennett,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., December 14, 1967:

This is an appeal in an unemployment compensation case by the claimant, Catherine M. Berner, from an opinion of the Unemployment Compensation Board of Review denying benefits under §402(e) of the Unemployment Compensation Law, 43 PS §802(e), for

willful misconduct in that she violated a company rule. The claimant was employed as a cashier and sales clerk at $1.30 per hour by the Thrift Drug Company, Pittsburgh, Pennsylvania. Up until this occurrence her record was excellent.

On October 7, 1966, a 35¢ item, a package of cigarettes was found by her manager lying on the fountain bar with a 5¢ sales slip attached by scotch tape. The claimant admitted that the cigarettes were hers but denied having placed the 5¢ sales slip on the package. She said she followed the rules and had purchased the cigarettes the day before at the employee's discount and although she couldn't remember which employee, one of the employees had rung up the purchase. The record shows that the employees themselves did not remember whether they did or did not ring up the sale. There was clearly a conflict of personalities between the claimant and her immediate superior.

The Bureau denied benefits; the referee found for the claimant and the Board reversed the referee and denied benefits. This appeal followed. We do not believe that the finding of fact by the Board that she violated the rule is supported by sufficient competent evidence even if it is all believed. No one was certain what happened with this package of cigarettes.

It should be pointed out that in this very doubtful case the claimant, who had been an excellent employee of this company for eight years, has by this decision been branded with the stigma of dishonesty so that she has been unable to obtain necessary recommendations to obtain other employment.

Decision of the Unemployment Compensation Board of Review is reversed.